**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DEVIN HILL, #209770 | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 12-0619-KD-C |
| WARDEN CYNTHIA WHITE, *et al.,* | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice as malicious.  28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action on or about September 27, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2).  Since filing the original complaint, plaintiff has filed "Motion to Amend Facts of Complaint."  Plaintiff was granted leave to proceed *in forma pauperis* on September 28, 2012 (Doc. 3).[1] Even though the motion to proceed *in forma pauperis* has been granted, the review process required by 28

---

[1] That portion of the September 28, 2012 Order granting plaintiff leave to proceed *in forma pauperis* is **WITHDRAWN** as improvidently granted.

U.S.C. § 1915A is ongoing in order to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## II. ANALYSIS

### A. Legal Standards

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. See 28 U.S.C. § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court **shall** dismiss the case at any time if the court determines that-- … the action … is frivolous or malicious; … .") (emphasis added) and  28 U.S.C. §§ 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious… .")  The court is also required to insure that granting a motion to proceed *in forma pauperis* will not violate the limitations contained in 28 U.S.C. § 1915(g)("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions … brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, … .").

When screening a complaint under the constraints of 28 U.S.C. § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]"  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007).  A prisoner plaintiff's misrepresentation of his prior litigation history, when the

complaint form required disclosure of such history and the plaintiff signed the complaint under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Id.* at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden,* No. 11-14690, 2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished)[2] (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.,* 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied,* 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake County Sheriff's Office,* 406 F. App'x 340, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F. App'x 340,

---

[2]      "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11TH CIR. R. 36-2 (2005).

340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Under the circumstances of this case, a dismissal without prejudice is reviewable only for abuse of discretion. *Harris*, 2012 WL 5907451, at *1 ("First, we are unpersuaded by Harris's claim that, given his *pro se* status, the district court abused its discretion in dismissing his complaint as a sanction without allowing him 'to correct' his failure to disclose his prior litigation history."), *citing Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) (dismissal without

prejudice, even for a minor violation of a court order, was not an abuse of discretion). "Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Jackson*, 491 F. App'x 129 at 132, *citing Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir.1982).

### B. Application of the Law to the Facts of this Case

As required in this Court, plaintiff signed a court-provided complaint under penalty of perjury on September 25, 2012 and that complaint reached the Court's docket on September 27, 2012 and has attempted to supplement the complaint with amended facts.  It is Mr. Hill's position that on or about March 2, 2012, he was brutally assaulted by Corrections Officer Jeremy Clifton while Lieutenant Steven Cureton failed to intervene on the plaintiff's behalf.  It appears that the claim against Warden White is that she had knowledge of the assaults on inmates in the prison under her supervision but failed to exercise her authority to rectify that dangerous environment which is one cause of plaintiff's injuries.  He also alleges that he was not afforded in a subsequent disciplinary hearing charging him with assault.

A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment.  Doc. 1, pg. 3.  Mr. Hill answered no to both of these questions, that he did not have a relevant litigation history.  This response to the form's questions is not true.

The Court's review of its records and PACER (Public Access to Court Electronic Records) reveals that Mr. Hill's litigation history includes two other cases.  The first was filed in the United States District Court for the Southern

District of Alabama in 2000, 1:2000-cv-00838-BH-M and the second is a habeas petition that he filed in this Court in 2002, 1:02-cv-00706-BH-D.  His civil rights action filed was dismissed for failure to state a claim prior to service of process, a strike under 28 U.S.C. § 1915(g), and his habeas claims were denied on the basis that they were filed outside the statute of limitations.

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and must be sanctioned.  His attempt to mislead the court with regard to his litigation history is egregious and knowing.  As an example, in the most recent actions filed, he denied a relevant litigation in August 2012 and then listed a portion of his history in April 2013.  The appropriate sanction is clearly to dismiss, without prejudice, his very vague claims that his serious medical needs are not being met by the defendants.

## III.  CONCLUSION

The complaint filed in this action constitutes an abuse of judicial process and therefore is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i). Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that the complaint be dismissed without prejudice prior to service as an appropriate sanction under the circumstances.

## IV.  NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific,

an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 27th day of June, 2013.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE